


UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | ) | No. 1:21-cr-00279 |
| --- | --- | --- |
| v. | ) ) ) | Violations: Title 18, United States Code, Section 1014, and Title 26, |
| PATRICK D. THOMPSON | ) | United States Code, Section 7206(1) |

**COUNT ONE**

Judge Franklin U. Valderrama
Magistrate Judge Young B. Kim

The SPECIAL MAY 2019 GRAND JURY charges:

1. At times material to this Indictment:

   a. Defendant PATRICK D. THOMPSON was an attorney licensed in the State of Illinois who held himself out as experienced in matters including real estate financing.

   b. Washington Federal Bank for Savings was a savings association founded in 1913 and located in Chicago, Illinois. Beginning in 1989, the deposits of Washington Federal were insured by the Federal Deposit Insurance Corporation. Washington Federal provided mortgage loans which were documented by a note promising repayment and a mortgage giving the bank a security interest in real estate.

   c. Financial Institution A was a mortgage lending business that financed debt secured by an interest in real estate and whose activities affected interstate commerce.

   d. On or about November 15, 2011, defendant PATRICK D. THOMPSON solicited and received a $110,000 loan from Washington Federal in the form of a check payable to a law firm as defendant THOMPSON's capital contribution, in return for which defendant THOMPSON executed a note promising to repay these funds to Washington Federal, but did not provide security for his repayment of the funds (the "$110,000 loan").

e. In or around February 2012, after defendant PATRICK D. THOMPSON had made one payment to Washington Federal on the $110,000 loan, defendant THOMPSON stopped making payments, and Washington Federal did not require defendant THOMPSON to make any more payments on the $110,000 loan.

f. On or about March 22, 2013, defendant PATRICK D. THOMPSON solicited and received $20,000 from Washington Federal, which defendant THOMPSON used to pay past due taxes to the Internal Revenue Service, and Washington Federal did not require defendant THOMPSON to execute a note promising to repay this $20,000 or to provide security for his repayment of these funds.

g. On or about January 24, 2014, defendant PATRICK D. THOMPSON solicited and received $89,000 from Washington Federal, which defendant THOMPSON used to pay off a lien held by another financial institution on a property owned by defendant THOMPSON, and Washington Federal did not require defendant THOMPSON to execute a note promising to repay this $89,000 or to provide security for his repayment of these funds.

h. Between in or around March 2012 and in or around December 2017, defendant PATRICK D. THOMPSON did not make any payments to Washington Federal.

i. An IRS Form 1098 was a form provided by a financial institution to a borrower, with a copy to be sent to the IRS, which reported mortgage interest payments received by the financial institution from the borrower during the calendar year.

j. PATRICK D. THOMPSON received from Washington Federal IRS Forms 1098 which falsely represented that Washington Federal had received mortgage interest payments from defendant THOMPSON.

k. In or around December 2017, the Office of the Comptroller of the Currency determined that Washington Federal was insolvent and that it had at least approximately $66 million in nonperforming loans. On or about December 15, 2017, the OCC closed Washington Federal and the FDIC, as a receiver, succeeded to all of Washington Federal's interests. The FDIC provided approximately $90 million to make account holders whole to the extent allowed by law and proceeded to attempt, directly and through other financial institutions acting as its agent, including Financial Institution A, to obtain repayment from debtors, including defendant PATRICK D. THOMPSON, who had received money from Washington Federal and had not repaid these funds.

2. On or about February 23, 2018, in the Northern District of Illinois, Eastern Division,

PATRICK D. THOMPSON,

defendant herein, knowingly made a false statement to Financial Institution A, acting as the agent of the FDIC, for the purpose of influencing the actions of the FDIC and Financial Institution A in collecting money owed by defendant THOMPSON to the FDIC as the successor in interest to Washington Federal, in that defendant THOMPSON falsely stated he only owed $100,000 or $110,000 to Washington Federal and that any higher amount was incorrect, when defendant then knew he had received $219,000 from Washington Federal;

In violation of Title 18, United States Code, Section 1014.

## COUNT TWO

The SPECIAL MAY 2019 GRAND JURY further charges:

1. Paragraph 1 of Count One is re-alleged here.

2. On or about March 1, 2018, in the Northern District of Illinois, Eastern Division,

PATRICK D. THOMPSON,

defendant herein, knowingly made a false statement to the FDIC, for the purpose of influencing the action of the FDIC in collecting money owed by defendant THOMPSON to the FDIC as the successor in interest to Washington Federal, in that defendant THOMPSON falsely stated that he only owed $110,000 to Washington Federal, that any higher amount was incorrect, and that these funds were for home improvement, when defendant then knew he had received $219,000 from Washington Federal and the $110,000 was paid to a law firm as defendant's capital contribution;

In violation of Title 18, United States Code, Section 1014.

## COUNT THREE

The SPECIAL MAY 2019 GRAND JURY further charges:

1. Paragraphs 1(a), 1(b), 1(d) through 1(f), and 1(h) through 1(j) of Count One are re-alleged here.

2. An individual taxpayer could deduct home mortgage interest expenses on Schedule A of a U.S. Individual Income Tax Return (Form 1040 with schedules and attachments) for certain interest payments made by a taxpayer on a home mortgage loan when the loan was secured by a main or second home.

3. On or about April 14, 2014, in the Northern District of Illinois, Eastern Division,

PATRICK D. THOMPSON,

defendant herein, willfully made and subscribed a U.S. Individual Income Tax Return (Form 1040 with schedules and attachments), for the calendar year 2013, which return was verified by written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which return he did not believe to be true and correct as to every material matter, in that defendant falsely represented and stated on said return:

   a. On Form 1040, Schedule A, line 10, that defendant paid $32,259 in mortgage interest, when defendant knew he did not pay mortgage interest in the amount reported on the return;

    b.  On Form 1040, line 43, that defendant's taxable income was $356,951, when defendant knew his taxable income was in excess of the amount reported on the return;

In violation of Title 26, United States Code, Section 7206(1).

## COUNT FOUR

The SPECIAL MAY 2019 GRAND JURY further charges:

1. Paragraphs 1(a), 1(b), and 1(d) through 1(j) of Count One and paragraph 2 of Count Three are re-alleged here.

2. On or about October 14, 2015, in the Northern District of Illinois, Eastern Division,

PATRICK D. THOMPSON,

defendant herein, willfully made and subscribed a U.S. Individual Income Tax Return (Form 1040 with schedules and attachments), for the calendar year 2014, which return was verified by written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which return he did not believe to be true and correct as to every material matter, in that defendant falsely represented and stated on said return:

    a. On Form 1040, Schedule A, line 10, that defendant paid $34,735 in mortgage interest, when defendant knew he did not pay mortgage interest in the amount reported on the return;

    b. On Form 1040, line 43, that defendant's taxable income was $454,753, when defendant knew his taxable income was in excess of the amount reported on the return;

In violation of Title 26, United States Code, Section 7206(1).

## COUNT FIVE

The SPECIAL MAY 2019 GRAND JURY further charges:

1. Paragraphs 1(a), 1(b), and 1(d) through 1(j) of Count One and paragraph 2 of Count Three are re-alleged here.

2. On or about April 18, 2016, in the Northern District of Illinois, Eastern Division,

PATRICK D. THOMPSON,

defendant herein, willfully made and subscribed a U.S. Individual Income Tax Return (Form 1040 with schedules and attachments), for the calendar year 2015, which return was verified by written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which return he did not believe to be true and correct as to every material matter, in that defendant falsely represented and stated on said return:

    a. On Form 1040, Schedule A, line 10, that defendant paid $35,141 in mortgage interest, when defendant knew he did not pay mortgage interest in the amount reported on the return;

    b. On Form 1040, line 43, that defendant's taxable income was $1,802,518, when defendant knew his taxable income was in excess of the amount reported on the return;

In violation of Title 26, United States Code, Section 7206(1).

## COUNT SIX

The SPECIAL MAY 2019 GRAND JURY further charges:

1. Paragraphs 1(a), 1(b), and 1(d) through 1(j) of Count One and paragraph 2 of Count Three are re-alleged here.

2. On or about April 12, 2017, in the Northern District of Illinois, Eastern Division,

PATRICK D. THOMPSON,

defendant herein, willfully made and subscribed a U.S. Individual Income Tax Return (Form 1040 with schedules and attachments), for the calendar year 2016, which return was verified by written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which return he did not believe to be true and correct as to every material matter, in that defendant falsely represented and stated on said return:

    a. On Form 1040, Schedule A, line 10, that defendant paid $34,879 in mortgage interest, when defendant knew he did not pay mortgage interest in the amount reported on the return;

    b. On Form 1040, line 43, that defendant's taxable income was $166,994, when defendant knew his taxable income was in excess of the amount reported on the return;

In violation of Title 26, United States Code, Section 7206(1).

## COUNT SEVEN

The SPECIAL MAY 2019 GRAND JURY further charges:

1. Paragraphs 1(a), 1(b), and 1(d) through 1(k) of Count One and paragraph 2 of Count Three are re-alleged here.

2. On or about October 15, 2018, in the Northern District of Illinois, Eastern Division,

PATRICK D. THOMPSON,

defendant herein, willfully made and subscribed a U.S. Individual Income Tax Return (Form 1040 with schedules and attachments), for the calendar year 2017, which return was verified by written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which return he did not believe to be true and correct as to every material matter, in that defendant falsely represented and stated on said return:

    a. On Form 1040, Schedule A, line 10, that defendant paid $33,371 in mortgage interest, when defendant knew he did not pay mortgage interest in the amount reported on the return;

    b. On Form 1040, line 43, that defendant's taxable income was $429,165, when defendant knew his taxable income was in excess of the amount reported on the return;

In violation of Title 26, United States Code, Section 7206(1).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY