**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 21-cr-00279-1 |
| PATRICK D. THOMPSON | Judge Franklin U. Valderrama |

### ORDER

The Government has charged defendant Patrick D. Thompson (Defendant) with two offenses. First, the Government has charged that on two occasions, in February and March of 2018, Defendant knowingly and intentionally made false statements to the Federal Deposit Insurance Corporation (the FDIC) or its agent, Planet Home Lending (PHL), about money he had borrowed from Washington Federal Bank for Savings (Washington Federal), for the purpose of influencing the FDIC and PHL in collecting money owed by Defendant. Defendant has denied that he is guilty of these charges (Counts I and II of the indictment). Second, the Government has charged Defendant with willfully making certain false statements on his tax returns for the years 2013 to 2017. Defendant has denied that he is guilty of these charges (Counts III through VII of the indictment) as well.

The Court held a pre-trial conference on January 14, 2022, in advance of the upcoming trial in this matter. Following the Court's issuance of its written rulings on the parties' motions *in limine* and exhibit objections, the Government filed a Motion to Reconsider, which is before the Court. R. 98, Mot. Reconsider.[1] For the reasons that follow, the Court grants in part and denies in part the Government's motion.

### Statement

In its motion, the Government seeks reconsideration of the following: (1) the Court's denial of the Government's Motion *in Limine* No. 1 as it pertains to the 2013 and 2014 loan distributions and the Court's granting of Defendant's Motion in *Limine* No. 9 regarding the same; (2) the Court's sustaining of Defendant's relevance objections for six of the Government's exhibits that it claims are related to Defendant's willfulness regarding the tax returns at issue; and (3) the Court's order directing the Government to redact the 2012 tax information from Defendant's 2013 tax organizers (based on the Court's granting of Defendant's Motion *in Limine* No. 7

---

[1] Citations to the docket are indicated by "R." followed by the docket number or filing name, and where necessary, a page or paragraph citation.

and denial of the Government's Motion *in Limine* No. 2, which barred the Government from introducing evidence related to Defendant's 2012 tax return and any related testimony). Mot. Reconsider.

## Standard of Review

Even though the Federal Rules of Criminal Procedure do not authorize or mention motions to reconsider, "the United States Supreme Court has held that motions to reconsider may be filed in criminal cases in district courts." *United States v. Linder*, 2013 WL 505214, at *2 (N.D. Ill. Feb. 12, 2013) (citing *United States v. Healy*, 376 U.S. 75, 77 (1964)). "Therefore, in appropriate circumstances, motions to reconsider may be filed in criminal cases, and allow district courts the opportunity to promptly correct errors." *Id.* (internal citation omitted). However, motions to reconsider "are disfavored and are rarely granted." *Beezley v. Fenix Parts, Inc.*, 328 F.R.D. 198, 202 (N.D. Ill. 2018) (citing *Kennedy v. Schneider Elec.*, 893 F.3d 414, 419 (7th Cir. 2018)).

The purpose of motions to reconsider is narrow. *Ellenby Techs., Inc. v. Fireking Sec. Grp.*, 533 F. Supp. 3d 656, 659 (N.D. Ill. 2021). They allow courts "to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* (quoting *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996)). And they should be limited to "matters in which the initial ruling suffered from some manifest error of fact or law, or in which some truly new legal authority or fact comes to the parties' attention and should change the outcome." *Id.* at 660. Motions to reconsider are not for "rehashing previously rejected arguments." *Uccardi v. Lazer Spot, Inc.*, 390 F. Supp. 3d 911, 913 (N.D. Ill. 2019) (quoting *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014)). Furthermore, they are not to be used "to advance arguments or theories that could and should have been made before the district court rendered a judgment." *Id.* (quoting *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012)). A court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Id.* (quoting *Cehovic-Dixneuf v. Wong*, 895 F.3d 927, 932 (7th Cir. 2018)).

## Analysis

As an initial matter, the Court agrees with Defendant that the Government, in its motion, does not cite to the standard for granting a motion to reconsider. R. 103, Resp. Moreover, the Government does not argue or articulate in its motion that the Court committed a manifest error of law in its rulings on the parties' motions *in limine* or exhibit objections, or that new legal authority or a new fact came to the Government's attention that warrants a change in the Court's rulings. *See Ellenby Techs.*, 533 F. Supp. 3d at 660. The Court is perplexed by this omission. Given the substance of the Government's motion, the Court must assume that the motion is premised on the Court committing a manifest error of law in its rulings.

Based on the fact that motions in *limine* are provisional (*Ohler v. U.S.*, 529 U.S. 753, 758 n.3 (2000)), the Court will review the merits of the Government's motion. The Court will also review the Government's arguments related to exhibits not subject to any motions in *limine* for the sake of completeness. But the Court does not consider any legal authority, especially out-of-circuit cases, that the Government could and should have raised in the original briefing on the parties' motions *in limine*.

### I.     2013 and 2014 Distributions

In its Motion to Reconsider, the Government first argues that evidence surrounding the circumstances of the 2013 and 2014 distributions from Washington Federal to Defendant is not improper propensity evidence under Federal Rule of Evidence 404(b) and that its probative value outweighs the prejudice caused by admission under Rule 403. Mot. Reconsider at 5–8.

In its Motion *in Limine* No. 1, the Government sought to admit evidence surrounding the 2013 and 2014 loan distributions. R. 40, Gov. Mot. Lim. at 22–24.[2] In its Motion in *Limine* No. 9, Defendant moved to exclude this same evidence under Rules 403 and 404(b). R. 38, Def. Mot. Lim. at 26–29.

Defendant does not dispute that he received three loan distributions from Washington Federal—one for $110,000.00 in 2011, one for $20,000.00 in 2013, and one for $89,000.00 in 2014. R. 44, Def. Resp. at 2; Def. Mot. Lim. at 26. He also agrees that the Government "can introduce limited proof to show what the other two disbursements, in 2013 and 2014, respectively, were for." *Id.* For the 2013 distribution, Defendant does not dispute that the Government can introduce limited evidence to show that the 2013 loan distribution was used to pay a tax bill. Def. Mot. Lim. at 27. However, Defendant sought to prevent IRS revenue agent Haydee Gonzalez from testifying "about the tax levy notice and about the IRS's collection process and its use of notices of intent to levy—and apparently the horrific consequences that ensue when a tax levy notice is ignored." *Id.* For the 2014 distribution, Defendant agrees that the Government can introduce limited evidence to prove that the 2014 distribution was used to pay off a second mortgage on Defendant's rental property. He objected to the Government's introduction of evidence to prove that Defendant "had defaulted on a loan to Byline Bank, that Byline Bank sued him to collect on that loan, and that the $89,000 advance from Washington Federal was received 'within days of' his being served with the suit and used to avoid the foreclosure suit." *Id.* Defendant also sought to bar, under Rules 403 and 404(b), introduction of emails between Defendant and Byline's successor, Metro Bank, "showing the negotiations between the parties leading up to the payoff of the Byline/Metro Bank loan." *Id.*

---

[2] The Government also sought admission of evidence surrounding the 2011 distribution but that is not at issue in its Motion to Reconsider.

3

The Government, on the other hand, argued that under Counts I and II, it must prove not only that Defendant's statements about the amount of the loan and purpose of the loan were false, but also that they were "knowingly false." Gov. Resp. at 13 (citing *United States v. Phillips*, 731 F.3d 649, 651 (7th Cir. 2013)). It contended that the circumstances surrounding the 2013 and 2014 distributions make it more likely that Defendant recalled and made knowingly false statements about the distributions instead of just forgetting about these distributions. *Id.* at 14. It argued that this evidence is relevant because the loan distributions were made after two memorable events: (1) in 2013, after Defendant received the IRS notice of intent to levy his property if he did not pay the IRS, he then used the 2013 distribution to pay his tax debt; and (2) in 2014, after North Community Bank sued Defendant for a delinquent debt and served his wife at their residence, Defendant used the 2014 distribution to repay this debt. *Id.* The Government posited that even if evidence of these events does not constitute direct evidence of Defendants' knowledge as relevant in this case, it is admissible under Rule 404(b) because evidence of memorable circumstances under which Defendant received loan distributions is highly probative to the issue of his knowledge and his absence of mistake. *Id.* at 14–15. The Government also argued that the evidence is admissible under Rule 403 because the probative value is not substantially outweighed by the danger of unfair prejudice. *Id.* at 15.

The Court granted Defendant's Motion *in Limine* No. 9, based on Rules 404(b) and 403, and ruled that the Government may only introduce limited evidence to prove the following: (1) for the 2013 distribution, that the money was used to pay a tax bill; and (2) for the 2014 distribution, that the money was used to pay off a second mortgage on Defendant's rental property. R. 93, Order at 28–29. The Court held that the Government cannot introduce other evidence regarding the "circumstances" of the 2013 and 2014 distributions. *Id.* at 29.

While the Government made a brief non-propensity argument in its response to Defendant's motion *in limine*, the Government now contends that the purported evidence is not being offered to prove propensity—that is, that Defendant makes poor financial decisions or is the type of person who would break the law again. Mot. Reconsider at 6. Instead, the Government argues it will be used to prove Defendant's knowledge of the purpose of the distributions and absence of a mistake on his part, therefore undermining his lack-of-memory defense. *Id.* at 6–7. Under Rule 404(b), "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character" but "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(1) and 404(b)(2). The Seventh Circuit has cautioned that "it's not enough for the proponent of the other-act evidence simply to point to a purpose in the 'permitted' list and assert that the other-act evidence is relevant to it." *United States v. Gomez*, 763 F.3d 845, 856 (7th Cir. 2014). It has instructed district courts to "not just ask *whether* the proposed

4

other-act evidence is relevant to a non-propensity purpose but *how* exactly the evidence is relevant to that purpose—or more specifically, how the evidence is relevant without relying on a propensity inference." *Id.* (emphasis in original).

The Court, upon further consideration, acknowledges that the admissibility of this evidence under Rule 404(b) is a close call. Based on the Government's further explanation, the Court agrees that the Government has shown that the evidence regarding the circumstances surrounding the 2013 and 2014 distributions is, at best, minimally relevant without relying on a propensity inference that Defendant makes poor financial decisions or is the type of person who would break the law again. That finding, however, does not end the Court's analysis.

The Government again contends that the probative value of the evidence outweighs the prejudice caused by its admission, especially if the Court gives a limiting instruction. Mot. Reconsider at 7. The Government admits the evidence has "prejudicial qualities" but the prejudicial nature does not substantially outweigh its probative weight. *Id.* The Government alternatively contends that it would be willing to introduce "sanitized" versions of the evidence, "establishing that [D]efendant received the 2013 distribution after he was threatened with legal action, and the 2014 distribution after he (through his wife) was served with a lawsuit." *Id.* at 8.

"[E]ven if other-act evidence is relevant without relying on a propensity inference, it may be excluded under Rule 403, which applies 'with full force' in this context . . . and gives the district court discretion to exclude relevant evidence if its probative value is 'substantially outweighed by a danger of [] unfair prejudice.'" *Gomez*, 763 F.3d at 856–57 (quoting Fed. R. Evid. 403). "Other-act evidence raises special concerns about unfair prejudice because it almost always carries some risk that the jury will draw the forbidden propensity inference." *Id.* at 857. And the Seventh Circuit has pointed out that Rule 403 excludes "other-act evidence that may be slightly probative through a non-propensity theory but has a high likelihood of creating unfair prejudice by leading a jury to draw conclusions based on propensity." *Id.*

Here, while minimally probative, the Court finds that admitting the at-issue evidence—specifically that, in 2013, Defendant and his wife owed taxes to the IRS and their assets would be levied, as well as evidence that, in 2013 through 2014, Defendant was delinquent on a mortgage related to his rental property—would lead to an impermissible inference that Defendant is someone that does not pay his bills (or, as Defendant puts it, a "tax scofflaw"). Furthermore, admitting this evidence carries a risk that the jury will draw such a propensity conclusion. The Government only makes conclusory arguments that such evidence is not unfairly prejudicial and advances no cogent reason as to why the probative value substantially outweighs its prejudicial effect. The sanitized alternative fares no better.

Accordingly, the Court denies the Government's motion with respect to the Court's ruling on the Government's Motion *in Limine* No. 1 and Defendant's Motion *in Limine* No. 9. As the Government points out, Defendant has not objected to Government Exhibit No. 133. To the extent Defendant objects to this exhibit at trial, the Court will consider such an objection then as it relates to the Court's ruling on the Government's Motion *in Limine* No. 1 and Defendant's Motion *in Limine* No. 9.

## II. Exhibit Objections

Next, the Government asks the Court to reconsider its ruling sustaining Defendant's relevance and/or Rule 403 objections for six of the Government's exhibits it claims are related to Defendant's willfulness as it relates to the tax returns at issue, Government Exhibit Nos. 240, 251, 253, 254, 257, and 259. Mot. Reconsider at 9–12.

When the Government submitted its original trial exhibits at the pre-trial stage, it offered the following relevance explanations for these exhibits: 240 ("Tax records relevant to 2017 and demonstrates knowledge of items on open points memo") (R. 95-2, Exh. Rulings); 251, 253, and 254 ("Evidence regarding defendant's knowledge of contents of tax returns") (*id.*); and 257 and 259 ("Evidence regarding defendant's knowledge of contents of 2017 open points memo.") (*id.*). Defendant objected based on relevance to all of these exhibits and objected pursuant to Rule 403 to Exhibit Nos. 251, 253, 254, 257, and 259.

The Government now contends that these exhibits show Defendant reviewed the contents of the charged tax returns prior to filing them. Mot. Reconsider at 9–10. The Government argues that they are relevant because they help the Government show that Defendant willfully filed false tax returns and willfulness is an element of a violation of 26 U.S.C. § 7206(1). *Id.* at 11. According to the Government, evidence that he received and reviewed drafts of his tax returns from his accountant tends to prove that he knew the tax returns contained the subject mortgage deduction. *Id.* Additionally, the Government contends that evidence that Defendant responded to questions and requests from his accountant tends to prove that he was paying attention to his tax returns and makes it more likely he also paid attention to the subject mortgage deduction. *Id.* Finally, the Government maintains that simply because such evidence is circumstantial, and not direct, does not make it inadmissible. *Id.* at 11–12.

Defendant counters as follows for each exhibit: (1) for Exhibit No. 240, the Open Points Memo itself has already been admitted into evidence as Government Exhibit No. 42 and the remaining pages of Exhibit No. 240 are related to Defendant's wife's payroll records or contributions to their church; (2) Exhibit No. 251 deals with other potential tax issues such as the correctness of withholding and a tax issue for Defendant's rental property, and would confuse the jury; (3) Exhibit No. 253 does not show that Defendant reviewed his tax returns but instead was a boilerplate

6

suggestion from Defendant's accountant to call with any questions related to a capital gains issue irrelevant to the case; (4) Exhibit No. 254 would likely confuse the issues for the jury because Defendant's accountant's request to call with any questions does not show that Defendant actually reviewed the tax returns and the exhibit refers to other tax issues irrelevant to the case; and (5) Exhibit Nos. 257 and 259 are emails in which Defendant's accountant sent tax documents that are unrelated to the subject deductions. Resp. at 6–7.

In light of the Government's arguments in its motion as to how each of these exhibits at least minimally supports a finding of Defendant's knowledge of the contents of his at-issue tax returns, the Court agrees with the Government that it has satisfied its low burden of establishing the relevance of Government Exhibit Nos. 251, 253, 254, 257, and 259. *See United States v. Boros*, 668 F.3d 901, 907 (7th Cir. 2012) ("A party faces a significant obstacle in arguing that evidence should be barred because it is not relevant, given that the Supreme Court has stated that there is a low threshold for establishing that evidence is relevant."). However, the Government has not shown under Rule 403 that the probative value of Government Exhibit Nos. 251, 253, 254, 257, and 259 is substantially outweighed by the confusion of issues or the misleading of the jury. The Court overrules Defendant's relevance objections to Government Exhibit Nos. 251, 253, 254, 257, and 259 but sustains Defendant's Rule 403 objections to Government Exhibit Nos. 251, 253, 254, 257, and 259.

For Government Exhibit No. 240, Defendant correctly points out that the Open Points Memo itself has already been admitted into evidence as Government Exhibit No. 42, and the Court agrees with Defendant that the remaining pages of Exhibit No. 240 are irrelevant. The Court therefore declines to overturn its previous ruling sustaining Defendant's relevance objection to Government Exhibit No. 240.

Accordingly, the Court denies the Government's motion regarding these exhibits.

### III.    Redaction of 2012 Information from 2013 Tax Organizers

Last, the Government asks the Court to reconsider its ruling with respect to the 2013 tax organizers which bears on Defendant's knowledge of the contents of his returns. Mot. Reconsider at 12–14.

In the Government's Motion *in Limine* No. 2, the Government sought to admit evidence of the allegedly false mortgage interest deduction on Defendant's 2012 tax return. Gov. Mot. Lim. at 24–28. In Defendant's Motion *in Limine* No. 7, Defendant sought to exclude his 2012 tax return. Def. Mot. Lim. at 25.

The Court denied the Government's Motion *in Limine* No. 2 and granted Defendant's Motion *in Limine* No. 7. Order at 24–25. First, the Court held that Defendant's 2012 tax return has no bearing on his knowledge and willfulness for his

2013 tax return. Second, the Court held that Defendant's 2012 tax return was impermissible propensity evidence under Rule 404(b). *Id.* At the pre-trial conference and later via minute entry, the Court held that, to the extent the Government sought to introduce Defendant's tax organizers for 2013 at trial, it would need to redact references to Defendant's 2012 tax deduction. R. 97.

Curiously, the Government does not challenge the Court's rulings on those motions, and the Court sees no reason to disturb them. As such, pursuant to these rulings, evidence regarding Defendant's 2012 tax return is inadmissible. The Government, however, appears to ask the Court to reconsider its redaction directive with respect to the 2013 tax organizers (Government Exhibit Nos. 203 and 229). Mot. Reconsider at 12. The Government posits that it does not intend to introduce the tax organizers to show the contents or accuracy of Defendant's 2012 tax return or that the 2012 tax return was false. *Id.* at 13. Instead, it contends that this information is relevant because it shows that Defendant reviewed the line-item for the Washington Federal mortgage deduction before submitting his 2013 tax return. The Government further suggests that to maintain this redaction would mislead the jury to believe that Defendant was not reminded to gather his Washington Federal tax information for tax year 2013. *Id.* Defendant counters that the Government's new justification is "preposterous" because since there is no evidence that Defendant paid Washington Federal mortgage interest in 2012, the jury can only conclude that Defendant made a false statement on the 2012 tax return as well. Resp. at 7–8.

The Government's position remains unconvincing. True, the 2012 tax information on the 2013 tax organizers may potentially have a modicum of relevance to show that Defendant acknowledged the line-item for the Washington Federal mortgage deduction before submitting his 2013 tax return. But, based on the fact that Defendant is not being charged anything related to his 2012 tax return, this limited purpose does not negate the propensity of this information under Rule 404(b). *See Gomez*, 763 F.3d at 855. The Government has not adequately shown how the jury's lack of access to the redacted information would mislead the jury. Both versions of the 2013 tax organizers (Exhibit No. 203 is a copy from Defendant's accountant's records and Exhibit No. 229 is a copy from Defendant's records), show that Defendant was reminded to collect his tax information for 2013 and, according to the Government's original justification for the tax organizers, show Defendant's knowledge of the Washington Federal mortgage interest deduction for 2013 (see Exh. Rulings), the tax year for which he was charged. The Court denies the Government's motion with respect to this issue.

Dated: February 4, 2022

_____
United States District Judge
Franklin U. Valderrama