**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 21-cr-00279-1 |
| PATRICK D. THOMPSON | Judge Franklin U. Valderrama |

**ORDER**

The Court held a jury instructions conference at the close of Defendant's case on February 11, 2022. The Court ruled on most of the parties' disputed proposed instructions during the conference, but deferred its ruling on Defendant's Instruction No. 3, and asked the parties to submit short briefs supporting their positions with regard to Defendant's Instruction No. 4 and the proposed Government alternative to Defendant's Instruction Nos. 4 and 5.

For the following reasons, the Court will not give Defendant's Instruction No. 3 nor will it give the Government's proposed alternative instruction to Defendant's Instruction Nos. 4 and 5. Attached as Exhibit 1 to this Order is the Court's Set 2 of the Jury Instructions, which reflects the Court's rulings made during the jury instruction conference, as well as its rulings on the two deferred instructions.

**A. Defendant's Instruction No. 3 (Good Faith – Tax Statute Cases)**

Defendant has proffered Defendant's Instruction No. 3, which states that, if Defendant believed in good faith that he was acting within the law, he did not make a false statement on a tax return as charged in Counts Three through Seven. Defendant's proposed instruction is modeled off of Pattern Instruction 6.11. The Government opposes Defendant's Instruction No. 3, arguing that it is unnecessary because it is duplicative, and that the evidence does not support giving the instruction. Defendant argues that the Court must give the instruction under *Cheek v. United States*, 498 U.S. 192, 201 (1991).

The Court agrees with the Government that *Cheek* does not mandate issuance of the instruction and that, based on the evidence introduced at trial, Defendant's Instruction No. 3 is not warranted. *United States v. Kokenis*, 662 F.3d 919, 929–30 (7th Cir. 2011) (good faith instruction in tax case not necessary where jury instructed on willfulness and evidence did not support the instruction). As the Government argued during the conference, the instructions include a definition of willfulness. *See* Government Instruction No. 26 ("The defendant acted willfully, that is, he knew that he had a legal duty to file a truthful tax return, but when he signed the return, he

did not believe it was truthful as to a material matter . . . ."). Moreover, the Court agrees with the Government that the evidence does not support issuance of the instruction, as no evidence was presented that Defendant did not know the law or that he misunderstood the law. Therefore, the Court will not give Defendant's Instruction No. 3.

### B. Government's Proposed Instruction (R. 130)

During the jury instruction conference, the Government proposed an alternative instruction to Defendant's Instruction Nos. 4 and 5. Defendant objected to the Government's alternative. During the conference, Defendant withdrew Defendant's Instruction No. 5, and subsequently withdrew Defendant's Instruction No. 4 after the conference. *See* R. 130, Gov. Proposed Inst. at 1; R. 131, Def. Resp. at 2 n.2. The Government now proposes that the Court give an instruction stating, "The government does not have to prove that the defendant used the exact words alleged in the indictment, but you must find beyond a reasonable doubt that the defendant made the alleged statement in substance." Gov. Proposed Inst. at 2.

The Government argues that its proposed instruction is an accurate statement of law and is necessary because, given defense counsel's questioning of witnesses, the jury may mistakenly believe that the Government has to prove that Defendant used the exact words alleged in the indictment. Gov. Proposed Inst. at 2 (citing *United States v. Yasak*, 884 F.2d 996 (7th Cir. 1989)). Defendant argues that (1) the instruction is unnecessary, (2) the instruction defeats the purpose of both parties withdrawing their competing instructions on literally true statements, and (3) *Yasak* does not support the instruction. Def. Resp. at 1–2.

Although the proposed instruction is an accurate statement of the law, the Court agrees with Defendant that it should not be given in this case. The Court finds that the instructions on the elements of Counts One and Two (Government Instruction Nos. 22 and 26) adequately instruct the jury on the elements the Government must prove beyond a reasonable doubt, thereby making the new proposed instruction unnecessary. Moreover, the Government's new proposed instruction may serve to confuse the jury. As a result, the Court declines to give the Government's proposed instruction. *See Guzman v. City of Chi.*, 689 F.3d 740, 745 (7th Cir. 2012); *see also United States v. Hill*, 252 F.3d 919, 923 (7th Cir. 2001) ("Unless it is necessary to give an instruction, it is necessary not to give it, so that the important instructions stand out and are remembered.").

Dated: February 12, 2022

                                                              United States District Judge
                                                              Franklin U. Valderrama