**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

UNITED STATES OF AMERICA

v.

PATRICK D. THOMPSON

No. 21-cr-00279-1

Judge Franklin U. Valderrama

**COURT SET 2—JURY INSTRUCTIONS**

Members of the jury, I will now instruct you on the law that you must follow in deciding this case. Each of you has a copy of these instructions to use in the jury room. You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you.

You must not take anything I said or did during the trial as indicating that I have an opinion about the evidence or about what I think your verdict should be.

The charges against the defendant are in a document called an indictment. You will have a copy of the indictment during your deliberations.

The indictment in this case charges that the defendant committed the crimes of knowingly making false statements to the Federal Deposit Insurance Corporation (FDIC) and Planet Home Lending for the purpose of influencing the actions of the FDIC and Planet Home Lending in collecting money, and willfully filing false tax returns. The defendant has pled not guilty to the charges.

The indictment is simply the formal way of telling the defendant what crimes he is accused of committing. It is not evidence that the defendant is guilty. It does not even raise a suspicion of guilt.

The defendant is presumed innocent of each and every one of the charges. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the defendant is guilty as charged.

The government has the burden of proving the defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

The defendant is never required to prove his innocence. He is not required to produce any evidence at all.

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the Internet, social media, text messages, e-mails, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to. A stipulation is an agreement that certain facts are true.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he thinks a question is improper. If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

Do not make any decisions simply by counting the number of witnesses who testified about a certain point.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

A defendant has an absolute right not to testify. You may not consider in any way the fact that the defendant did not testify. You should not even discuss it in your deliberations.

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness' testimony. You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- the intelligence of the witness;

- the witness' ability and opportunity to see, hear, or know the things the witness testified about;

- the witness' memory;

- the witness' demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

- the truthfulness and accuracy of the witness' testimony in light of the other evidence presented; and

- inconsistent statements or conduct by the witness.

It is proper for an attorney to interview any witness in preparation for trial.

You have heard evidence that before the trial, witnesses made statements that may be inconsistent with their testimony here in court. You may consider an inconsistent statement made before the trial to help you decide how believable a witness' testimony was here in court. If an earlier statement was made under oath, then you can also consider the earlier statement as evidence of the truth of whatever the witness said in the earlier statement.

You have heard testimony from Alicia Mandujano who was promised benefits in return for her testimony and cooperation with the government.

You may give this witness' testimony whatever weight you believe is appropriate, keeping in mind that you must consider that testimony with caution and great care.

You have heard testimony about the defendant's character for truthfulness and honesty and also his character for inattentiveness, disorganization and poor memory. You should consider this testimony together with and in the same way you consider the other evidence.

You have heard a witness, namely, Haydee Gonzalez, who gave opinions and testimony about income tax computations. You do not have to accept this witness' opinions or testimony. You should judge this witness' opinions and testimony the same way you judge the testimony of any other witness. In deciding how much weight to give to these opinions and testimony, you should consider the witness' qualifications, how she reached her conclusions, and the factors I have described for determining the believability of testimony.

You have heard a recorded conversation. This is proper evidence that you should consider together with and in the same way you consider the other evidence.

I am providing you with the recording and a device with instructions on its use. It is up to you to decide whether to listen to the recording during your deliberations. You may, if you wish, rely on your recollections of what you heard during the trial.

If, during your deliberations, you wish to have another opportunity to view the transcript as you listen to a recording send a written message to the court security officer, and I will provide you with the transcript.

Certain summaries were admitted in evidence. You may use those summaries as evidence.

It is up to you to decide how much weight to give to the summaries.

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

Count One of the indictment charges the defendant with knowingly making a false statement to Planet Home Lending with the intent to influence the Federal Deposit Insurance Corporation or Planet Home Lending in collecting money. Specifically, it charges that the defendant falsely told Planet Home Lending that he only owed $100,000 or $110,000 to Washington Federal and that any higher amount was incorrect. In order for you to find the defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

1.     The defendant made the charged false statement to Planet Home Lending, orally; and

2.     At the time the defendant made the statement, he knew it was false; and

3.     The defendant made the statement with the intent to influence the action of the Federal Deposit Insurance Corporation or a financial institution in collecting money owed by defendant to the Federal Deposit Insurance Corporation.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant guilty of that charge.

If you find from your consideration of all the evidence that the government has failed to prove any of the elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty of that charge.

18

A "financial institution" means an organization which finances or refinances any debt secured by an interest in real estate, including private mortgages companies and any activities of such organizations, and whose activities affect interstate commerce.

"Interstate or foreign commerce" involves business, trade, travel, transportation or communication between any place in a state and any place outside the state, or any two places within a state but through any place outside that state. A financial institution's conduct affects commerce if the natural consequences of the financial institution's actions had some effect on commerce, however minimal.

A person acts knowingly if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

Count Two of the indictment charges defendant with knowingly making two false statements to the Federal Deposit Insurance Corporation for purposes of influencing the FDIC in its collection of money. The first false statement charged is that the defendant stated that he only owed $110,000 to Washington Federal and that any higher amount was incorrect. The second false statement charged is that the defendant stated that the funds from Washington Federal were for home improvements. In order for you to find the defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

1.      The defendant made a charged false statement to the Federal Deposit Insurance Corporation, orally; and

2.      At the time the defendant made the statement, he knew it was false; and

3.      The defendant made the statement with the intent to influence the action of the Federal Deposit Insurance Corporation in collecting money owed by defendant to the Federal Deposit Insurance Corporation.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant guilty of that charge.

If you find from your consideration of all the evidence that the government has failed to prove any of the elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty of that charge.

Count Two charges defendant with making two false statements. The government is not required to prove that the defendant made both of the false statements alleged in Count Two. However, the government is required to prove that the defendant made at least one of the false statements that is alleged in Count Two. To find that the government has proven this, you must agree unanimously on which particular false statements the defendant made, as well as all of the other elements of the crime charged.

With respect to Counts One and Two, knowingly making false statements for the purpose of influencing the Federal Deposit Insurance Corporation ("FDIC") or Planet Home Lending in collecting money, if the defendant acted in good faith, then he lacked intent to influence the FDIC or Planet Home Lending required to prove those offenses. Defendant acted in good faith if, at the time, he honestly believed the truthfulness of the statement that the government has charged as being false.

A defendant does not have to prove his good faith. Rather, the government must prove beyond a reasonable doubt that the defendant acted knowingly and with the intent to influence the FDIC or Planet Home Lending in collecting money as charged in Counts One and Two.

It is not necessary for the Government to prove that the false statements to the Federal Deposit Insurance Corporation or Planet Home Lending actually influenced the Federal Deposit Insurance Corporation or Planet Home Lending in collecting money owed by the defendant.

Counts Three through Seven charge defendant with willfully filing a false tax return. In order for you to find the defendant guilty of this charge, the government must prove each of the five following elements beyond a reasonable doubt:

1.      The defendant caused someone to prepare an income tax return; and

2.      The income tax return was false as to a material matter, as charged in the Count; and

3.      The defendant signed or electronically signed the income tax return, which contained a written declaration that it was made under penalties of perjury; and

4.      The defendant acted willfully, that is, he knew that he had a legal duty to file a truthful tax return, but when he signed the return, he did not believe it was truthful as to a material matter; and

5.      The defendant filed or caused someone to file the income tax return with the Internal Revenue Service.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty of that charge.

26

A false matter is "material" if the matter was capable of influencing the Internal Revenue Service.

You may infer that a tax return was, in fact, signed by the person whose name appears to be signed to it, or for an electronically filed return, by the person whose name appears to be signed to the form authorizing electronic filing. You are not required, however, to infer this.

If you find that the government has proved beyond a reasonable doubt that the defendant signed a tax return, then you may infer the defendant knew of the contents of the return. You are not required, however, to infer this.

The indictment charges that the crimes happened "on or about" certain dates. The government must prove that the crimes happened reasonably close to those dates. The government is not required to prove that the crimes happened on those exact dates.

It is the theory of the defense that Patrick Thompson did not commit the charged offenses of making false statements on his tax returns or making false statements to agents of the FDIC, including Planet Home Lending.

As to the tax counts, it is the theory of the defense that Mr. Thompson was not aware that the Washington Federal deductions were taken on his returns and that he did not know about the deductions being on the return until after they were filed.

As to the count alleging a false statement to Planet Home Lending on February 23, 2018, it is the theory of the defense that Mr. Thompson did not make a knowingly false statement to Planet Home Lending in that conversation, that he did not make the charged false statement that he only owed $110,000 and that any higher amount was incorrect, and that in the context of the entire conversation, while he only remembered borrowing $110,000 at the time of the conversation, he was seeking help in determining the amount borrowed and repeatedly asked to see records and meet with representatives of Planet Home Lending and FDIC to determine what he owed so it could be paid. It is further the theory of the defense that any statement made by Mr. Thompson was not made falsely for the purpose of influencing Planet Home Lending in the collection of money owed because he knew he was talking to a customer service representative.

As to the count alleging a false statement to the FDIC on March 1, 2018, it is the theory of the defense that Mr. Thompson did not make the charged false statement that he only owed $110,000 and that any higher amount was incorrect, that in fact he only remembered borrowing $110,0000 at the time of that

30

conversation. It is further the theory of the defense that he did not make any false statement with the intent of influencing the FDIC in the collection of money owed.

The defendant has been accused of more than one crime. The number of charges is not evidence of guilt and should not influence your decision.

You must consider each charge and the evidence concerning each charge separately. Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any other charge.

In deciding your verdict, you should not consider the possible punishment for the defendant. If you decide that the government has proved the defendant guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment.

Once you are all in the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as telephone, cell phone, smart phone, iPhone, Blackberry, computer, text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or services like Facebook, Snapchat, Instagram, Tik Tok, LinkedIn, YouTube, Twitter, or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the foreperson, or by one or more members of the jury. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer. Please be advised that transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony.

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6–6, or 8–4, or whatever your vote happens to be.

A verdict form has been prepared for you. You will take this form with you to the jury room.

[Read the verdict form.]

When you have reached unanimous agreement, your foreperson will fill in, date, and sign the verdict form. Each of you will sign it.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdict aloud.

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 21-cr-00279-1 |
| PATRICK D. THOMPSON | Judge Franklin U. Valderrama |

## <u>VERDICT FORM</u>

We the jury, do hereby find the defendant, PATRICK D. THOMPSON, as follows:

### <u>COUNT ONE</u>

We, the jury, find the defendant, PATRICK D. THOMPSON:

NOT GUILTY _____

GUILTY _____

### <u>COUNT TWO</u>

We, the jury, find the defendant, PATRICK D. THOMPSON:

NOT GUILTY _____

GUILTY _____

If you find defendant PATRICK D. THOMPSON guilty of Count Two, you must then answer the following:

We, the jury, find that the government has proved beyond a reasonable doubt that defendant PATRICK D. THOMPSON knowingly made the following false

statement(s) (check one or both boxes below):

| ☐Defendant stated he only owed $110,000 to Washington Federal and that any higher amount was incorrect | ☐Defendant stated the funds he received from Washington Federal were for home improvement |
| --- | --- |

## COUNT THREE

We, the jury, find the defendant, PATRICK D. THOMPSON:

NOT GUILTY _____

GUILTY _____

## COUNT FOUR

We, the jury, find the defendant, PATRICK D. THOMPSON:

NOT GUILTY _____

GUILTY _____

## COUNT FIVE

We, the jury, find the defendant, PATRICK D. THOMPSON:

NOT GUILTY _____

GUILTY _____

## COUNT SIX

We, the jury, find the defendant, PATRICK D. THOMPSON:

NOT GUILTY _____

GUILTY _____

## **<u>COUNT SEVEN</u>**

We, the jury, find the defendant, PATRICK D. THOMPSON:

<div style="margin-left: 2em;">

NOT GUILTY      _____

GUILTY      _____

</div>

_____

FOREPERSON

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

_____

Date